IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

MOSHE CINQUE CANTY,

        Plaintiff,        Civil Action No.
                                        9:14-CV-1097 (GTS/DEP)

  v.

LIEUTENANT ALLEN, *et al.*,

        Defendants.

---

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF:

MOSHE CINQUE CANTY, *Pro Se*
99-A-6830
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

FOR DEFENDANTS:

HON. ERIC T. SCHNEIDERMAN      ORIANA CARRAVETTA, ESQ.
New York State Attorney General      Assistant Attorney General
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by *pro se* plaintiff Moshe Cinque Canty, a New York State prison inmate, against nineteen individuals employed by the New York State Department of Corrections and Community Supervision ("DOCCS"). While plaintiff's complaint originally included additional claims, the only remaining causes of action involve First Amendment retaliation and Eighth Amendment excessive force.

Currently pending before the court is a motion brought by defendants seeking the entry of partial summary judgment dismissing plaintiff's retaliation claims asserted against defendants Allen, Brooks, Drollette, Frenya, Fessette, and Tarallo. Because plaintiff consents to the relief requested, and having reviewed the record and determined it to be facially meritorious, I recommend that defendants' motion be granted.

I. BACKGROUND[1]

Plaintiff is a prison inmate currently being held in the custody of the DOCCS. Dkt. No. 1 at 3. Although he is now confined elsewhere, at the times relevant to his complaint plaintiff was housed in the Clinton

---

[1] In light of the procedural posture of the case, the following recitation is derived from the record now before the court, with all inferences drawn and ambiguities resolved in plaintiff's favor. *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003).

Correctional Facility ("Clinton"), located in Dannemora, New York. *Id.*

Plaintiff commenced this action on or about September 5, 2014, with the filing of a complaint and accompanying application for leave to proceed in the matter *in forma pauperis* ("IFP"). Dkt. Nos. 1, 2. On March 9, 2015, Chief District Judge Glenn T. Suddaby issued a decision and order granting plaintiff's IFP application and dismissing all of the claims asserted in plaintiff's complaint, with the exception of his First Amendment retaliation and Eighth Amendment excessive force causes of action. *See generally* Dkt. No. 19.

As it pertains to defendants' pending motion for partial summary judgment, plaintiff's complaint sets forth two sets of circumstances allegedly involving retaliatory conduct. The first stems from an incident that occurred on June 7, 2012, while he was confined at Clinton, when defendant Paul Fessette, a corrections sergeant, together with defendants Angelo Tarallo and Adam Frenya, both of whom were corrections officers at the time,[2] retaliated against plaintiff for filing grievances against other corrections officers. Dkt. No. 1 at 52; Dkt. No. 61-9 at 69. The retaliation alleged by plaintiff involved an escort of him by defendants Tarallo and

---

[2] Defendant Tarallo is now a corrections sergeant stationed at the Bare Hill Correctional Facility. Dkt. No. 61-4 at 1. Defendant Frenya currently serves as a corrections lieutenant at Franklin Correctional Facility. Dkt. No. 61-5 at 1.

3

Frenya to the facility's Mental Health Observation Unit ("MHU") instead of to a physical therapy call-out. Dkt. No. 1 at 38; Dkt. No. 61-9 at 72-75, 77. Plaintiff alleges that, upon his arrival at the MHU, defendant Fessette told him that he was being admitted because of the grievances he had previously filed against other corrections officers. Dkt. No. 1 at 39; Dkt. No. 61-9 at 77.

The second allegedly retaliatory incident occurred on April 23, 2012, when defendants Jeremiah Brooks, a corrections sergeant, Emmett Drollette, a corrections officer, and William Allen, a safety and security lieutenant,[3] required him to undergo an examination utilizing the Body Orifice Scanning System ("BOSS") chair in retaliation for his filing of grievances. Dkt. No. 1 at 53; Dkt. No. 61-9 at 89, 98.

On July 29, 2016, following the close of discovery, defendants filed a motion for partial summary judgment seeking dismissal of plaintiff's First Amendment retaliation claims asserted against defendants Allen, Brooks, Drollette, Fessette, Frenya, and Tarallo. Dkt. No. 61. Plaintiff responded on August 15, 2016, with the filing of a letter "ask[ing] the Court to dismiss any and all First Amendment Retaliation claims against Defendants' [sic]

---

[3] Defendants Brooks and Drollette are now captains in the DOCCS Command Center in Albany, New York, and defendant Allen has retired from the agency. Dkt. No. 61-6 at 1; Dkt. No. 61-7 at 1; Dkt. No. 61-8 at 1.

Paul Fessette, Adam Frenya, Jeremiah Brooks, Emmett Drollette, and William Allen, with prejudice." Dkt. No. 63 at 1. In his letter, plaintiff assures the court that he is "under no duress to request that the Court dismiss these claims," and states his belief that "this is simply the right thing to do." *Id.*

II. DISCUSSION

In order to prove a First Amendment retaliation claim, plaintiff must establish that (1) the conduct at issue was protected, (2) the defendants took adverse action against the plaintiff, and (3) there was a causal connection between the protected activity and the adverse action – in other words, that the protected conduct was a "substantial or motivating factor" in the prison officials' decision to take action against the plaintiff. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *see also Dillon v. Morano*, 497 F.3d 247, 251 (2d Cir. 2007).

In their motion, defendants concede that the filing of grievances constitutes protected conduct, satisfying the first element of a First Amendment retaliation claim. Dkt. No. 61-2 at 9 n.2; *Gill v. Pidlypchak*, 389 F.3d 379, 384 (2d Cir. 2004). With regard to the claim against defendants Fessette, Tarrallo, and Frenya involving plaintiff's placement in the MHU, they argue that there is no evidence demonstrating a causal

5

connection between admitting plaintiff to the MHU and his filing of grievances, and, in any event, the decision to admit plaintiff to the MHU was neither initiated nor rendered by any of them. Dkt. No. 61-2 at 9-13. A review of the record, which includes affidavits from each of those defendants, amply supports defendants' arguments. *See, e.g.,* Dkt. No. 61-3 at 3-5; Dkt. No. 61-4 at 2-3; Dkt. No. 61-5 at 2-3.

Addressing the second relevant incident, involving the BOSS chair scan and defendants Brooks, Drollette and Allen, defendants challenge plaintiff's ability to satisfy both the adverse action and causal connection elements of a retaliation claim. Dkt. No. 61-2 at 13-16. Addressing specifically the adverse action element, defendants point out that BOSS chair performs a non-invasive body scan that does not require removal of any clothing and takes approximately ten seconds to complete. Dkt. No. 61-6 at 3; Dkt. No. 61-9 at 96-98. Defendants argue that no reasonable factfinder could conclude that being subjected to a BOSS chair scan represents adverse action. Dkt. No. 61-2 at 13-14. They also challenge plaintiff's ability to establish a connection between his filing of grievances and the requirement that he submit to a BOSS chair scan. *Id.* at 14. The record now before the court supports both of defendants' arguments regarding the BOSS chair retaliation claim.

In sum, defendants have advanced both evidence and arguments strongly suggesting that no reasonable factfinder could conclude that defendants Allen, Brooks, Drollette, Fessette, Frenya, and Tarallo unlawfully retaliated against plaintiff. For that reason, and because plaintiff consents to the relief requested in defendants' motion, I recommend that defendants' motion be granted.

III. SUMMARY AND RECOMMENDATION

The remaining claims in this action include Eighth Amendment excessive force and First Amendment retaliation. The retaliation claims, which are implicated by defendants' pending motion, involve two distinct sets of circumstances. Plaintiff has responded to that motion by stating that he consents to the entry of judgment dismissing those causes of action with prejudice. In light of plaintiff's consent to the relief sought by defendants and my finding that defendants' motion is facially meritorious, it is hereby respectfully

RECOMMENDED that defendants' motion for partial summary judgment ([Dkt. No. 61](Dkt. No. 61)) be GRANTED and that plaintiff's First Amendment retaliation claims asserted against defendants Allen, Brooks, Drollette, Fessette, Frenya, and Tarallo be DISMISSED. In the event this recommendation is adopted, only plaintiff's Eighth Amendment excessive

7

force claim asserted against defendants Heath, Martin, Tamer, Venne, and Sweeney will remain for trial.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

The clerk of the court is respectfully directed to serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:	October 14, 2016
	Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge